31 C.C.P.A.(Patents)
**BAUSCH & LOMB OPTICAL CO. v. INTERNATIONAL INDUSTRIES, Inc.**
**Patent Appeal No. 4886.**

Court of Customs and Patent Appeals.
April 27, 1944.

G. A. Ellestad, of Rochester, N. Y. (G. F. Smyth, of Rochester, N. Y., of counsel), for appellant.

Strauch & Hoffman and William A. Strauch, all of Washington, D. C. (James A. Hoffman, of Washington, D. C., of counsel), for appellee.

Before BLAND, Acting Presiding Judge, and HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Acting Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents, 56 U.S.P.Q. 235, affirming that of the Examiner of Interferences in a trade-mark opposition proceeding, in dismissing a notice of opposition filed by Bausch & Lomb Optical Company, hereinafter referred to as opposer, against the registration of a trade-mark of International Industries, Inc., hereinafter referred to as applicant. It is a companion appeal to 142 F.2d 1016, decided concurrently herewith.

The opposition is based upon the same marks of opposer described and reproduced in the companion appeal. The mark of applicant here is identical with that in said

1020

companion appeal except that the word "ARGUS", printed in somewhat fanciful type, is superposed immediately above the horizontal portion of the triangle, with the lower part of the letter "g" occupying the space omitted in the top line of the triangle. The mark of applicant, therefore, consists of the word "ARGUS", the triangle, and the representation of a doublet lens superimposed across the triangle.

Many of the same arguments made by both parties in the companion appeal have been repeated here, but essentially the same issue is presented, to-wit: Is the mark of applicant, the newcomer, so confusingly similar to those, or any of them, of opposer as to be likely to promote confusion within the sense of the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq.? Most of the points stressed by both parties have been fully discussed in the companion case and will not be repeated here.

It is our opinion that, notwithstanding the goods of the parties are identical or of the same descriptive properties, the mark of applicant is so dissimilar in its entirety that there is no reasonable probability of resulting confusion. It is true that applicant has substantially taken the essential feature of opposer's mark in making its composite mark, but it is our view that that feature is not the essential feature of applicant's instant mark, and that applicant has avoided the likelihood of confusion by adding as the most outstanding feature of its mark the word "ARGUS". With this mark upon applicant's goods, it would seem most likely that the goods would be referred to as "ARGUS" products, and the labels and specimens of the advertisements of applicant would indicate that this is true.

Agreeable to the decision of the commissioner, we are of the opinion that there is no reasonable likelihood of confusion, or any doubt on the subject, and that the tribunals below properly ruled that the opposition should be dismissed and that applicant is entitled to register the mark for which it has made application. The decision of the Commissioner of Patents is accordingly affirmed.

Affirmed.

GARRETT, Presiding Judge, did not participate in the consideration or decision of this case.